UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE LOCAL 191 I.B.E.W. HEALTH AND WELFARE TRUST FUND; LOCAL 191 I.B.E.W. MONEY PURCHASE PENSION TRUST; NORTHWEST WASHINGTON ELECTRICAL INDUSTRY JOINT APPRENTICESHIP & TRAINING TRUST and I.B.E.W. DISTRICT NO. 9 PENSION PLAN,<br><br>     Plaintiffs,<br> v.<br><br>OP ELECTRIC LLC, a Washington limited liability company, Contractor's License No. OPELEEL828QB, UBI NO. 604 309 923 and AMERICAN CONTRACTORS INDEMNITY COMPANY, Bond No. 100593831,<br><br>     Defendants. | NO. 2:23-cv-01006-JHC<br><br>ORDER RE: MOTION FOR DEFAULT JUDGMENT |

ORDER RE: MOTION FOR DEFAULT JUDGMENT – 1
CAUSE NO. 2:23-cv-01006-JHC

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff's motion for default judgment against Defendant OP Electric LLC (OPE). Dkt. # 11. The motion is unopposed. *See generally* Dkt. The Court has considered the motion, the record, and the applicable law. Being fully advised, the Court GRANTS the motion.

# II

## DISCUSSION

If a defendant fails to plead or otherwise defend, the clerk enters the party's default. Fed. R. Civ. P. 55(a). Then, upon a plaintiff's request or motion, the court may grant default judgment for the plaintiff. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). On default judgment motions, "[t]he court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages." *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Courts typically consider these factors when evaluating a request for a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are generally disfavored, so "default judgment is appropriate only if the well-pleaded factual allegations of the complaint suffice to establish a plaintiff's entitlement to a judgment under the applicable

law." *Dentist Ins. Co. v. Luke St. Marie Valley Dental Grp., P.L.L.C.*, No. 2:21-cv-01229-JHC, 2022 WL 1984124 (W.D. Wash. Jun. 6, 2022) (citing *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007)).

A. Application of *Eitel* Factors

1. Prejudice to Plaintiff

"[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and internal quotation marks omitted). OPE has failed to respond to this action, so default judgment is Plaintiff's only means for recovery. *See Eve Nevada, LLC v. Derbyshire*, No. 21-0251-LK, 2022 WL 279030 (W.D. Wash. Jan. 31, 2022). Thus, this factor supports default judgment.

2. Merits of Plaintiff's Claims and Sufficiency of Complaint

"Courts often consider the second and third *Eitel* factors together." *Devs. Sur. and Indem. Co. v. View Point Builders, Inc.*, No. C20-0221JLR, 2020 WL 3303046, at *5 (W.D. Wash. Jun. 17, 2022). As mentioned above, the Court must accept all well-pleaded allegations in the complaint as established fact. Accepting such allegations, the complaint suffices to state the causes of action directed against OPE. Dkt. # 1. Thus, the second and third *Eitel* factors weigh in favor of Plaintiff.

3. Sum of Money at Stake

This factor "considers whether the amount of money requested is proportional to the harm caused." *Sun Life Assurance Co. of Canada v. Estate of Wheeler*, No. C19-0364JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020). Here, because Plaintiff seeks only the

1  remedies available under the parties' agreements, there is proportionality. Thus, the fourth
2  *Eitel* factor supports default judgment.

### 4. Possibility of Dispute Over Material Facts

There is no sign that the material facts are in dispute. And again, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). OPE failed to respond, so the Clerk correctly entered default against it. Dkt. # 8.

### 5. Probability that Default was Because of Excusable Neglect

The sixth *Eitel* factor assesses whether the defendant's default for failure to appear was because of excusable neglect. *Boards of Trustees of Inland Empire Elec. Workers Welfare Tr. v. Excel Elec. Servs., Inc.*, No. 2:21-CV-00200-MKD, 2022 WL 1243663, at *4 (E.D. Wash. Apr. 26, 2022). Generally, courts do not find excusable neglect when defendants were properly served with the complaint. *See, e.g.*, *Maersk Line v. Golden Harvest Alaska Seafood LLC*, No. C20-1140-JLR-MLP, 2020 WL 6083464, at *4 (W.D. Wash. Sept. 30, 2020), *report and recommendation adopted*, No. C20-1140 JLR, 2020 WL 6077419 (W.D. Wash. Oct. 15, 2020). Plaintiff establishes that it did properly serve OPE. *See* Dkt. # 5. So, this factor weighs in favor of default judgment.

### 6. Policy Favoring Decision on the Merits

Generally, cases "should be decided upon their merits whenever reasonably possible," so courts disfavor default judgment on this factor. *Eitel*, 782 F.2d at 1472. But in this case, OPE's failure to appear or respond "makes a decision on the merits impractical, if not impossible," so the Court is not precluded from granting default judgment. *PepsiCo, Inc. v.*

ORDER RE: MOTION FOR DEFAULT JUDGMENT – 4
CAUSE NO. 2:23-cv-01006-JHC

*Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)*; see also Emp. Painters' Trust v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591 (W.D. Wash. July 6, 2020). Thus, default judgment is an appropriate remedy in this case.

In sum, the *Eitel* factors support default judgment.

B.   Damages; Attorney Fees & Costs.

Because the Court does not accept the amount of claimed damages as true in a default judgment motion, it must assess whether Plaintiff's claimed damages are appropriate to award. *Geddes*, 559 F.2d at 560. The plaintiff has the burden of proving its requested damages are reasonable and supported by evidence. *Bd. of Trs. Of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

The declarations of Tonya Osborne (Dkt. # 12), Andrew Walker (Dkt. # 13), Nicole Dwarzki (Dkt. # 14), along with the attachments to these documents, provide sufficient evidence to support each discrete amount sought to be reduced to judgment: **$70,333.10** comprised of the following amounts:

    a.  **$60,636.05** comprised of $48,984.29 in contributions, $4,823.91 in liquidated damages, $1,683.29 in interest, and $5,144.56 in audit fees for the April 2021 through March 2023 audit period;

    b.  **$6,529.55** comprised of $5,760.07 in liquidated damages and $769.48 in interest for the August 2021 through December 2022 delinquent period; and

    c.  $487.00 in litigation costs and $2,680.50 in attorney fees.

ORDER RE: MOTION FOR DEFAULT JUDGMENT – 5
CAUSE NO. 2:23-cv-01006-JHC

# III

## Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment. Plaintiff will have a judgment against OPE as set forth above along with post-judgment interest until paid.

Dated this 15th day of December, 2023.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE